

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GLENN LIOU, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUR SIGNATURE SUPPLEMENTS, LLC,<br><br>Defendant. | Case No.: 24-cv-102-RSH-VET<br><br>**ORDER TO SHOW CAUSE** |
|---|---|

Plaintiff has moved for default judgment. ECF No. 14; *see also* ECF No. 16 (supplemental briefing). However, neither Plaintiff's Complaint nor his motion for default judgment address the basis for this Court's subject matter jurisdiction. "[T]his court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)); *see also* Fed. R. Civ. P. 12(h)(3).

The Court considers, first, whether the diversity of citizenship statute applies. *See* 28 U.S.C. § 1332(a). The Complaint states that Plaintiff is a citizen of California. ECF No. 1 ¶ 1. Plaintiff alleges that Defendant is "a Florida corporation with its principal place of business in San Clemente, CA." *Id.* ¶ 12. Although the Complaint alleges that Defendant

is a corporation, Defendant's name ("Your Signature Supplements, LLC") indicates that it is a limited liability company. For purposes of determining the state(s) of residence of a limited liability company, the Court must consider the state(s) of residence of all of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Neither the Complaint nor any other document in the record establishes the citizenship of Defendant. Plaintiff has not established diversity of citizenship under 28 U.S.C. § 1332(a).

As to the amount in controversy, the Complaint seeks an award of restitution of $10 million, as well as "[a]n order requiring [Defendant] to conduct a corrective advertising campaign," attorneys' fees, and other relief. ECF No. 1 at 19. In contrast, Plaintiff's motion for default judgment seeks only "$15 in restitution and a permanent injunction enjoining Defendant from selling" its product. ECF No. 14-1 at 4. This injunctive relief does not appear to have been requested in the Complaint.[1] Furthermore, nothing in the record appears to reflect that the injunctive relief sought satisfies the amount in controversy requirement.[2] Accordingly, the Court questions whether this jurisdictional requirement has been met.

---

[1]     Plaintiff filed a supplemental brief addressing his entitlement to an injunction, but it does not discuss this discrepancy, nor does it identify the scope of the injunction he seeks. ECF No. 16.

[2]     In determining the value of injunctive relief, the Ninth Circuit follows the "either viewpoint" rule, which considers "the pecuniary result to either party which the judgment would directly produce." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770 (9th Cir. 2017) (quoting *In re Ford Motor Co./Citibank (S. D.)*, N.A., 264 F.3d 952, 958 (9th Cir. 2001)); *Johnson v. Mid-Century Ins. Co.*, No. 23-35222, 2024 WL 702332 (9th Cir. Feb. 21, 2024). "[W]here the value of a plaintiff's potential recovery [] is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *In re Ford Motor Co.*, 264 F.3d at 958. Plaintiff's submissions do not address or develop any of these jurisdictional theories.

1    Plaintiff's lawsuit was brought as a putative class action. The Class Action Fairness
2    Act of 2005 ("CAFA") expanded federal subject matter jurisdiction in certain large class
3    action lawsuits. *See* 28 U.S.C. § 1332(d). Neither the Complaint nor Plaintiff's motion for
4    default judgment address subject matter jurisdiction under CAFA. However, Plaintiff's
5    motion for default judgment seeks individual rather than class relief. Other courts have
6    found subject matter jurisdiction under CAFA lacking in similar circumstances. *See, e.g.*,
7    *Sloan v. 1st Am. Auto. Sales Training*, No. 2:16-cv-05341-ODW (SK), 2017 U.S. Dist.
8    LEXIS 221850, at *6 (C.D. Cal. Sep. 20, 2017) (dismissing an action alleging unfair
9    business practices where the plaintiff's complaint asserted jurisdiction under CAFA, but
10   the plaintiff's motion for default judgment sought only damages on an individual basis and
11   did not establish another basis for federal jurisdiction); *Hawkins v. Kroger Co.*, 337 F.R.D.
12   518, 529 (S.D. Cal. 2020) (noting in a CAFA action that "[i]f the plaintiff amends away
13   jurisdiction in a subsequent pleading, the case must be dismissed").

14   Accordingly, the Court directs Plaintiff to show cause why this action should not be
15   dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response no later than
16   November 19, 2024, establishing subject matter jurisdiction in this case.

17   **IT IS SO ORDERED.**
18   Dated: November 5, 2024

     _____
     Hon. Robert S. Huie
     United States District Judge